O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| SARA L. FITZ,<br><br>　　　　Plaintiff,<br>　　v.<br>CAROLYN W. COLVIN,<br>Commissioner of Social Security,<br><br>　　　　Defendant. | Case No. EDCV 12-1806-OP<br><br>MEMORANDUM OPINION AND ORDER |

The Court[1] now rules as follows with respect to the disputed issue listed in the Joint Stipulation ("JS").[2]

**I.**

**DISPUTED ISSUE**

As reflected in the Joint Stipulation, the disputed issue raised by Plaintiff as the ground for reversal and/or remand is whether the Administrative Law Judge

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the United States Magistrate Judge in the current action. (ECF Nos. 8, 9.)

[2] As the Court stated in its Case Management Order, the decision in this case is made on the basis of the pleadings, the Administrative Record, and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g). (ECF No. 6 at 3.)

1

("ALJ") erred in relying on the testimony of the vocational expert ("VE") in finding that Plaintiff could perform her past work as a cashier. (JS at 4.)

## II.
## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (citation omitted). The Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

## III.
## DISCUSSION

**A.     The ALJ's Findings.**

The ALJ found that Plaintiff has the severe impairments of muscular ligamentous strain of the lumbar and cervical spine with no evidence of radiculopathy or myeolopathic symptoms; a disorder of the upper extremity of unknown etiology with tremors; and headaches. (Administrative Record ("AR") at 22.)

The ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform less than a full range of light work with, as relevant here, a preclusion

from fine manipulation. (Id. at 24.) Relying on the testimony of the VE, the ALJ concluded that Plaintiff was capable of performing her past relevant work as a cashier. (Id. at 29.)

**B.     There Was Ambiguity Between the ALJ's Findings Regarding Plaintiff's Limitations and Her Ability to Perform Past Relevant Work.**

Plaintiff contends that the ALJ erred in determining that she was capable of performing her past relevant work as a cashier. (JS at 4-6, 9-10.) More specifically, Plaintiff argues that the ALJ's RFC assessment, which precludes her from any job requiring "fine manipulation," is inconsistent with the ability to perform her past relevant work as a cashier because that job requires "frequent fingering." (Id. at 5.)

The ALJ called a VE to testify about what Plaintiff could still do despite her limitations. (AR at 29, 240-247.) The VE testified that given the ALJ's RFC assessment, which included a preclusion from "fine manipulation," Plaintiff was capable of performing her past relevant work as a Cashier II (Dictionary of Occupational Titles ("DOT") No. 211.462-010). (Id. at 245.)

Plaintiff contends that the VE's testimony was inconsistent with the DOT and the VE never explained the inconsistency. Plaintiff argues that the job of Cashier II exceeds her limitations because it involves fine manipulation, which she cannot do based upon her RFC. The Court agrees.

According to the DOT, the job of Cashier II requires frequent fingering. (DOT No. 211.462-010). Courts in this circuit have generally concluded that "fine manipulation" is equivalent to "fingering" as it is used in the DOT. See, e.g., Estrada v. Astrue, No. ED CV 10-1843 PJW, 2011 WL 4946568, at *3 (C.D. Cal. Oct. 18, 2011) (holding that ALJ's finding that claimant can only perform "occasional fine manipulation, i.e., occasional fingering, precludes her from performing a job that requires frequent fingering"); Hyston v. Astrue, No. 3:11-CV-01173-KI, 2012 WL 5984655, at *7 (D. Or. Nov. 27, 2012) (finding that ALJ

erred in relying on VE testimony where VE failed to explain whether claimant "with a limitation in fine manipulation in his dominate hand could perform the frequent fingering required by the job[] of cashier . . . ."); see Tich Pham v. Astrue, 695 F. Supp. 2d 1027, 1033, n.7 (C.D. Cal. 2010).

When an expert's testimony conflicts with a DOT job listing, the ALJ "must elicit a reasonable explanation for the conflict before relying on the [expert's] evidence to support a determination or decision about whether the claimant is disabled." Soc. Sec. Ruling 00-4p, 2002 WL 1898704, at *2. If there is a conflict between the expert's opinion and the DOT, the ALJ must determine that the expert has a "reasonable explanation for the conflict." Massachi v. Astrue, 486 F.3d 1149, 1153-54 (9th Cir. 2007). An expert's opinion not supported by the record "has no evidentiary value" and cannot support a benefits determination. Russell v. Sullivan, 930 F.2d 1443, 1445 (9th Cir. 1991), abrogated on other grounds by Sorenson v. Mink, 239 F.3d 1140, 1149 (9th Cir. 2001).

Here, the VE did not explain the basis for her conclusion that a person with Plaintiff's preclusion from fine manipulation could perform the job of Cashier II, which requires frequent fingering under the DOT listing. Moreover, the VE did not provide an evidentiary basis for the ALJ to justify a divergence from the DOT listing in this particular case.

The VE concluded that Plaintiff could perform the listed job even though her limitations appear to contradict the job's requirements. This disparity required an explanation from an expert sufficient for the ALJ and the Court to defer to and rely upon. Based on the evidentiary record, the ALJ's decision that Plaintiff could perform her past relevant work as a Cashier II was not adequately supported by the expert's opinion. Russell, 930 F.2d at 1445.

**C.     This Case Should Be Remanded for Further Proceedings.**

The law is well established that the decision whether to remand for further proceedings or simply to award benefits is within the discretion of the Court. See,

4

e.g., Salvador v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990); McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989); Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981). Remand is warranted where additional administrative proceedings could remedy defects in the decision. Lewin, 654 F.2d at 635.

Based on the foregoing, the Court finds that remand is warranted for clarification as to the impact, if any, of Plaintiff's preclusion from fine manipulation on her ability to perform the occupation of Cashier II, and to sufficiently explain any deviation from the DOT, or erosion in the job base as a result of that limitation.

## IV.
## **ORDER**

Based on the foregoing, IT THEREFORE IS ORDERED that the matter is remanded to the Commissioner for further proceedings consistent with this opinion.

Dated: September 4, 2013

HONORABLE OSWALD PARADA
United States Magistrate Judge